[Civ. No. 85.    First Appellate District.—November 25, 1905.]

HATTIE L. ALVEY, Respondent, v. CONTINENTAL IN-
SURANCE COMPANY OF CITY OF NEW YORK,
Appellant.

FIRE INSURANCE—ACTION FOR LOSS OF DWELLING—BREACH OF CONDI-
TION AGAINST VACANCY—MODIFICATION OF POLICY AS TO PERSONAL
PROPERTY—EVIDENCE—NONSUIT.—In an action on a fire insurance
policy to recover for loss of a dwelling, where there was an admitted
breach of a condition of the policy by vacancy of the dwelling for
more than ten days, during which the loss occurred, unless the policy
upon the building was modified, where it appears that, upon a proper
construction of a slip modifying the policy, it applied only to in-
sured personal property removed to another dwelling, such modifica-
tion was inadmissible in evidence, and the insurance company was
entitled to a judgment of nonsuit.

ID.—EXPLANATION OF CONTRACT—USE OF BROAD TERM—PRINTED MAT-
TER CONTROLLED BY WRITTEN MATTER.—Under the provisions of the
Civil Code, a contract may be explained by reference to the cir-
cumstances under which it is made; and however broad its terms,
it extends only to those things concerning which the parties in-
tended to contract. Where the contract is partly written and partly
printed, and printed matter is copied from a form originally pre-
pared without special reference to the particular parties and the
particular contract in question, the written parts control the printed
parts, and the parts purely original control that copied from a
form, and if the two are repugnant, the latter must be so far dis-
regarded.

ID.—WRITTEN MODIFICATION OF "SECOND ITEM" OF POLICY—PERSONAL
PROPERTY—BLANK FORM—PRINTED WORDS—"FIRST ITEM" NOT
CHANGED.—Where the "first item" of the policy related exclusively
to the insurance on the dwelling, and the "second item" related
exclusively to personal property therein, and the modifying slip
began with the written words: "The second item of this policy
is hereby made to read as follows," and its sole object was to
allow it to remain insured while in another dwelling described in
another city, to which it had been removed, the mere use of a blank
form containing inapplicable printed words, as a part of such
second item, including the printed words, "also vacancy during
change of tenants, if the subject of insurance be a dwelling located
in a town," does not indicate an intended modification of the first
item of the policy.

APPEAL from an order of the Superior Court of the
City and County of San Francisco, denying a new trial.
J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

F. H. Gould, for Appellant.

Riordan & Lande, for Respondent.

HALL, J.—This is an action to recover for loss occasioned by destruction by fire of a building insured by defendant. Plaintiff recovered judgment, and this appeal is from the order denying defendant's motion for a new trial.

The complaint alleges that defendant, on the second day of May, 1898, by its policy of insurance, in writing insured plaintiff for the term of three years, ending May 2, 1901, against loss or damage, not exceeding $1,000, by fire to her one-story, single roof, frame building, No. 952 Park Way, East Oakland, Alameda county. The house was totally destroyed by fire March 8, 1901. Defendant in its answer set forth the entire policy as the same was executed May 2, 1898, and among other things pleaded a breach of one .of the conditions of the policy, which condition is in these words: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if .the building herein described, whether intended to be occupied by owner or tenant, be or become vacant or unoccupied, and so remain for ten days." The policy as set forth in the answer provided for an insurance of $1,000 on the house therein described, and $400 on the furniture contained in the house. Upon the trial, plaintiff proved by her own testimony that the house was destroyed by fire on the seventh day of March, 1901, and at that time had been vacant and unoccupied for thirty days. The plaintiff offered in evidence the policy as the same was originally issued and dated May 2, 1898, together with a slip attached thereto, January 23, 1901, and bearing the latter date. Defendant objected to the introduction of the slip dated January 23, 1901, upon the ground that it was incompetent, irrelevant, and immaterial; that it had no reference to the contract sued on, but is a subsequent contract and refers to personal property after the same had been removed to San Francisco; and that no variation of the original contract was pleaded. The court overruled defendant's objection, and the slip of date January 23, 1901, was admitted in evidence,

and defendant reserved an exception. The same point was again presented on defendant's motion for a nonsuit, and also under its objections as to certain findings of the court in regard to this slip.

Passing the objection that the contract sued on was alleged to have been executed May 2, 1898, and no subsequent modification thereof was pleaded, we will pass to a discussion of the point (that we think was fairly raised) that the slip of January 23, 1901, had reference to the personal property and not to the house, as the more vital question to be determined. The policy executed May 2, 1898, consisted of a main document and a slip attached thereto, and both executed and dated May 2, 1898, and which will hereafter in this question be referred to as the "original policy."

The terms of the original policy, so far as they throw light upon the question now under discussion, are as follows:

"No. 20,533.                                   $1,400 at 80 c.

"Organized, 1852.

"The Continental Insurance Co. of the City of New York.

"In consideration of the stipulations herein named, and of eleven 20/100 dollars premium, does insure Mrs. Hattie L. Alvey for the term of three years from the 2d of May, 1901, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding fourteen hundred dollars, to the following described property while located and contained as described herein, and not elsewhere, to wit:

"Dwelling and contents Policy Form.

"One thousand dollars on the —— story shingle-roof frame building and its additions, including foundations and verandas [here follows an enumeration of various classes of fixtures], while occupied as a dwelling, situate No. 952 Park Way, being southeast corner East Ninth street, East Oakland, Cal.

"Four hundred dollars on household and kitchen furniture, useful and ornamental, including beds, bedding [here follows an enumeration of various classes of articles for domestic use], all while contained in above-described dwelling.

"[Here follows a clause concerning use of coal oil, electric lights, repairs, etc., a clause concerning loss by lightning, and a clause concerning use of gasoline stove, down

to the ending of the slip that was executed May 2, 1898, as a part of the original policy. The body of the original policy continues with various provisions, among which are the following:]

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void . . . if the hazard be increased by any means within the control or knowledge of the insured . . . or if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days."

The slip which was introduced in evidence, over the objection and exception of defendant, was dated January 23, 1901, and was duly signed by the agent of defendant. It is a printed form containing some written matters. So far as the same concerns the question under discussion, the slip is as follows, the written words of the slip being italicized herein:

"*The second item of this policy is hereby made to read and cover as follows:* Dwelling and Contents Policy Form.

"*Nil on the* frame building and its additions . . . while occupied only as a dwelling situate *No. 1117 Leavenworth street, between California and Sacramento streets, San Francisco, Cal.*

"*$400* on household and kitchen furniture, useful and ornamental, including beds, bedding [Here follows an enumeration of various articles of domestic use], all while contained in above-described dwelling. . . . Plumbing, gas, steam and electric fittings; alterations and repairs; and the use of gas and coal oil stoves and lamps and electric light, permitted without notice; also vacancy during change of tenants if the subject of insurance be a dwelling located in a town. [Here follows a clause concerning the use of gasoline stove.]

"This slip is attached to and made a part of Policy No. *20,533* of Continental Insurance Company of New York.

"Dated this *23d* day of *January, 1901.*"

The question to be determined is: Did the slip of date January 23, 1901, modify the contract dated May 2, 1898, so far as such contract related to the insurance on the house, or did it only modify such contract with regard to the in-

surance on the furniture? We are of the opinion that the latter is the correct construction of the terms of the slip. By the original policy two items were insured. The first was the house No. 952 Park Way, in the sum of $1,000, and the second was the furniture then contained in said house in the sum of $400. By the terms of the original policy the furniture was insured only while contained in said house. Apparently the furniture was subsequently moved from the Oakland house to a house in San Francisco, and in order to prevent the lapsing of the policy in regard to the furniture it became necessary to modify the policy with regard to the furniture. This was done by attaching the slip dated January 23, 1901. Omitting some portions of the blank form (which we have not set forth in this opinion because they do not throw any light upon the question involved), the first contractual words are written and are: "The second item of this policy is hereby made to read and cover as follows," and then follow the various provisions of the slip in question. By the written words of the slip, as well as by the circumstances under which the slip was executed, it is evident that the parties were contracting with reference only to the second item of the original policy, to wit, the furniture.

Section 1647 of the Civil Code provides: "A contract may be explained by reference to the circumstances under which it is made, and the matter to which it relates." The circumstances under which this slip was executed evidently were that the furniture had been moved to San Francisco, and it therefore became necessary to modify the original policy in regard to that item, and by the written words of the slip it related to the second item of the original policy; that is, the furniture. Section 1648 of the Civil Code provides that: "However broad may be the terms of a contract, it extends only to those things concerning which it appears that the parties intended to contract." Section 1651 of the Civil Code provides that: "Where a contract is partly written and partly printed, or where part of it is written or printed under the special directions of the parties, and with a special view to their intention, and the remainder is copied from a form originally prepared without special reference to the particular parties and the particular contract in question, the written parts control the printed

parts, and the parts which are purely original control those which are copied from a form. And, if the two are absolutely repugnant, the latter must be so far disregarded." Applying the principles of the two foregoing sections to the slip under discussion, it cannot be construed as modifying the original policy so far as it related to the insurance on the Oakland house. The presence of the clause in the slip of date January 23, 1901, permitting "vacancy during change of tenants, if the subject of insurance be a dwelling located in a town," is explained by the fact that a printed form was used, prepared to meet various conditions. But by the very words of the clause, it is only effective where the subject of insurance is a dwelling; and, as we have seen, the subject of the insurance treated of by this slip is, by the written words of the slip, limited to the second item of the original policy, which is the furniture. In considering this question we have not overlooked the rule that in construing insurance policies, uncertainties should be resolved against the insurer. We do not think there is any uncertainty as to the effect of this slip. By the terms of the original policy, the same was to be void if the house became and remained vacant and unoccupied for ten days. Plaintiff testified that it had been vacant and unoccupied for thirty days before the fire, and was so vacant at the time of the fire.

It follows from the above views that the court erred in admitting in evidence the slip dated January 23, 1901, and in denying defendant's motion for a nonsuit. In view of the conclusion we have reached as to the effect of the slip in question, it is not necessary to discuss any other question raised on this appeal.

The order denying the motion for a new trial is reversed.

Harrison, P. J., and Cooper, J., concurred.